In Re: Walter A. Steinhiser. Walter A. Steinhiser, Appellant.

Submitted on briefs, November 18, 1980, to President Judge CRUMLISH, and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, WILLIAMS, JR. and PALLADINO. Judges MENCER and MACPHAIL did not participate.

350

*John J. Morgan*, for appellant.

OPINION BY JUDGE PALLADINO, January 28, 1981:

Appellant appeals an order of the Court of Common Pleas of Butler County which, pursuant to Section 406 of the Mental Health and Retardation Act of 1966 (Act of 1966), Act of October 20, 1966, Special Sess. P.L. 96, *as amended*, 50 P.S. §4406, directed appellant's involuntary commitment to Western Center. We affirm.

Citing *Goldy v. Beal*, 429 F. Supp. 640 (M.D. Pa. 1976), appellant first contends that he cannot be committed under Section 406 of the Act of 1966 because Section 406 is unconstitutionally vague. Appellant's argument is rendered moot by the order and memorandum opinion of the court of common pleas, which specifically state that in considering appellant's petition, the court adhered to the standards enumerated in *Goldy* to avoid the unconstitutional aspects of the Act of 1966. Moreover, the court order and memorandum opinion comport with the due process safeguards of the Mental Health Procedures Act (Procedures Act), Act of July 9, 1976, P.L. 817, *as amended*, 50 P.S. §7101 *et seq.*, which is in *pari materia* with the Act of 1966 and is to be construed with it. *In re Gross*, 476 Pa. 203, 212, 382 A.2d 116, 121 (1978).

Next, appellant argues that he is not mentally retarded as required for involuntary commitment. The court's memorandum opinion reveals that appellant was charged with criminal mischief and assault as a result of occurrences in a group home for the mentally retarded. In addition, the court order[1] declares that within thirty days of the petition, appellant's behavior embodied a "substantial risk of physical injury to himself of physical debilitation." Therefore, appellant is a person who is severely mentally disabled and subject to commitment because, "as a result of mental illness, his capacity to exercise self-control, judgment and discretion in the conduct of his affairs and social relations or to care for his own personal needs is so lessened that he poses a clear and present danger of harm to others or to himself." Section 301(a) of the Procedures Act, 50 P.S. §7301(a).

Finally, appellant alleges that Butler County did not provide proper treatment. Section 102 of the Procedures Act, 50 P.S. §7102, mandates that adequate treatment be provided for mentally ill persons and that "in every case, the least restrictions consistent with adequate treatment ... be employed." In *Gibson v. DiGiacinto*, 261 Pa. Superior Ct. 53, 395 A.2d 938 (1978), involuntary commitment to a mental hospital was upheld where an individual was expelled from a youth home upon exhibiting disruptive and threatening behavior and subsequently was charged with criminal mischief and criminal trespass. The court reasoned that the individual presented a clear and present danger of harm and "was unable to control himself outside a totally structured environment, and that the least restrictive institution available for his care and

---

[1] Substantial evidence in the record reviewed by this Court, establishes that appellant presents a risk of harm to himself and others.

"treatment" was a state hospital. *Id.* at 66, 395 A.2d at 944. In the instant case the court order and memorandum opinion demonstrate that after the court carefully reviewed the available treatment programs and after several community homes refused to accept appellant, the court of common pleas determined that residential placement in Western Center was the only feasible alternative for appellant.

Accordingly, we hold that appellant was properly committed to Western Center, and we will enter the following

### ORDER

AND NOW, January 28, 1981, the Order of the Court of Common Pleas of Butler County, dated September 10, 1979, at Misc. Docket No. 79-184, is affirmed.